Argued and submitted August 27, reversed and remanded November 12, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# SARAH LEE STONE,
*Defendant-Appellant.*

Washington County Circuit Court
C060369CR; A133795

196 P3d 95

Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services, argued the cause and filed the brief for appellant.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance, assigning error to the trial court's denial of her motion to suppress evidence discovered during a traffic stop. The state concedes that the trial court erred. As explained below, we agree and accept the state's concession; accordingly, we reverse and remand.

The relevant facts are undisputed. At 2:17 a.m., a Washington County Deputy Sheriff, Bowman, stopped defendant after observing that the car that she was driving had a nonfunctioning headlight. Bowman asked for and received defendant's driver license, registration, and proof of insurance. In the course of explaining to defendant the reason for the traffic stop, Bowman recognized defendant as someone he had encountered at an apartment one month earlier, at which time she had admitted to Bowman that she was under the influence of methamphetamine. Approximately four or five minutes after Bowman stopped defendant, although he did not perceive her to be under the influence of methamphetamine, he asked defendant to step from her car and asked her whether she had any methamphetamine in her possession. When defendant did not answer, Bowman asked her whether she had "only a little bit." Defendant admitted that she had a "little bag of crystal," and, when Bowman asked her to hand it to him, she produced it from her pants pocket. At 2:25 a.m., Bowman issued a citation for possession of methamphetamine.

Before trial, relying in part on Article I, section 9, of the Oregon Constitution, defendant moved to suppress evidence of the methamphetamine.[1] She argued that, notwithstanding that the initial traffic stop was lawful, Bowman lacked the necessary justification for asking defendant to

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

step out of her car and for questioning her about methamphetamine. Defendant argued that Bowman's actions therefore unlawfully extended the traffic stop and then exploited that illegality in obtaining her consent to search her person. The trial court denied the motion, concluding that the officer's conduct was lawful under ORS 810.410.[2]

On appeal, defendant renews her argument that the officer unlawfully extended a lawful traffic stop. At oral argument, the state conceded that, under this court's decisions in *State v. Rodgers*, 219 Or App 366, 182 P3d 209, *rev allowed*, 345 Or 301 (2008), and *State v. Kirkeby*, 220 Or App 177, 185 P3d 510, *rev allowed*, 345 Or 301 (2008)—decided after the trial court denied defendant's suppression motion in this case—the trial court erred in denying the motion.

In *Rodgers*, a police officer stopped the defendant for a traffic infraction. During his interaction with the defendant, the officer made observations of the defendant's person and car that led him to believe that the defendant was involved in the manufacture of methamphetamine. 219 Or App at 368. Although the officer's records check of the defendant had come back "clear" and the officer then had all the information he needed to issue a citation, the officer instead initiated a conversation with the defendant about the items that he had observed and, after a "couple of minutes," asked the defendant for consent to search the car. *Id.* at 368-69. The defendant agreed, and the officer discovered items that led to the defendant's conviction for manufacture of a controlled substance. *Id.* at 369.

On appeal, the defendant argued that the trial court erred in denying his motion to suppress evidence, and this court agreed. We explained that, consistently with Article I, section 9, an officer may question a motorist *during* the time reasonably required to investigate and complete a traffic stop about matters that are unrelated to the stop—including during any "unavoidable lull in the investigation, such as while

---

[2] ORS 810.410(3)(c) provides that a police officer who has stopped and detained a person for a traffic violation may, in addition to investigating the traffic violation, "make an inquiry into circumstances arising during the course of a detention and investigation * * * that give rise to a reasonable suspicion of criminal activity."

awaiting the results of a records check." 219 Or App at 370-71, 372. "Questioning that occurs during, or causes, an *extension* of the traffic stop beyond that reasonable time, however, is the functional equivalent of a new restraint of the motorist's liberty, and must be supported by reasonable suspicion that the motorist has engaged in some further criminal activity." *Id.* at 371 (emphasis in original). Because the officer in that case lacked sufficient grounds to reasonably suspect that the defendant was engaged in further criminal activity, his further questioning of the defendant constituted an unlawful extension of the initial lawful stop beyond the time reasonably needed to complete the issuance of the traffic citation, in violation of the defendant's rights under Article I, section 9. And, because the defendant's consent to search was the product of the unlawful seizure, the evidence discovered was subject to suppression. *Id.* at 373-74. *See also Kirkeby*, 220 Or App at 186-87 (during a lawful traffic stop, rather than completing the issuance of a citation, the officer "proceeded down an unrelated path" by asking the defendant for consent to a search of his person and, subsequently, for consent to look inside a container that the officer found in the defendant's pocket; because the officer lacked reasonable suspicion of further criminal activity, those actions unlawfully extended the traffic stop in violation of Article I, section 9).

We agree with the state's concession that those cases require reversal here. Without reasonable suspicion that defendant had engaged in some further criminal activity, Bowman asked defendant to step from the car and asked her whether she was in possession of any controlled substances. Bowman's actions constituted an unlawful extension of an otherwise lawful stop. Because the challenged evidence was discovered as a result of that illegality, it was subject to suppression.

Reversed and remanded.